**SIGNED THIS: August 09, 2011**

_____
**GERALD D. FINES
UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| MICHAEL L. BRANN and | ) Bankruptcy Case No. 11-90446 |
| TERI A. BRANN, | ) |
| | ) |
| Debtors. | ) |

OPINION

This matter having come before the Court for confirmation of the Debtors' Chapter 13 Plan of Reorganization and the Amended Trustee's Report Not Recommending Confirmation of Chapter 13 Plan; the Court, having reviewed written memoranda of law filed by the parties and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1.    On March 16, 2011, Debtors filed for relief under Chapter 13 of the Bankruptcy Code.

2. On their Form B22C filed together with their bankruptcy petitions, the Debtors claimed a deduction for a payment on a 401(k) loan and for the payment of a loan or lease on a vehicle.

3. On June 28, 2011, a hearing was held, at which time the Court considered the Amended Trustee's Report Not Recommending Confirmation of Chapter 13 Plan in which the Trustee requested that the Debtors file an amended plan to provide for a step-up in plan payments upon completion of vehicle loan payments to Heart of Louisiana Credit Union and upon completion of their 401(k) loan repayment. There is no dispute over the amount of repayment on either the vehicle loan or the 401(k) loan.

4. The parties were given 14 days to brief the issue of step-up in plan payments upon the completion of the loan repayments. Those briefs have been filed, and the matter is now ripe for ruling by the Court.

<u>Conclusions of Law</u>

The Trustee has conceded that the Debtors' Form B22C spreads the amounts paid for the vehicle over 60 months of the plan and, therefore, concedes the argument with respect to her objection based on the step-up increase requested to the plan upon completion of the payments for the vehicle. Thus, the only issue before the Court is whether the Debtors should be required to step-up their plan payments upon the completion of the repayment of their 401(k) loan.

The issue of requiring step-up in plan payments following the conclusion of the payment of a 401(k) loan is a matter of first impression to this Court; however, the issue has been addressed in the Fifth, Sixth, and Eighth Circuits. Each held that debtors may only exclude their 401(k) loan payments from disposable income so long as they are loan repayments. As soon as the loan is satisfied, the shield provided by 11 U.S.C. § 1322(f) is removed, and the funds which had been used to make the 401(k) loan payments must become available to pay unsecured creditors. See: <u>In re Nowlin</u>, 576 F.3d 258 (5th Cir. 2009); <u>In re Seafort</u>, 437 B.R. 204 (B.A.P. 6th Cir. 2010); and <u>In re Lasowski</u>, 575 F.3d 815 (8th Cir. 2009). The issue was most recently

addressed by the United States Bankruptcy Court for the Eastern District of Wisconsin, in In re Noll, 2010 WL 5336916 (Bankr. E.D. Wis. 2010), wherein Judge Susan Kelley cited with approval and followed Nowlin, Seafort, and Lasowski.    This Court has carefully reviewed the Noll decision and the cases cited therein, and finds that it concurs with the logic and argument made in favor of requiring a step-up in plan payments once a 401(k) loan has been repaid during the course of a Chapter 13 bankruptcy proceeding.  As such, the Trustee's objection to the confirmation of the Debtors' proposed Chapter 13 Plan in this case is found to be valid. Confirmation of the Chapter 13 Plan as presently proposed must be denied.

###